**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| PLASTERS' AND CEMENT MASONS' LOCAL NO. 148 HEALTH AND WELFARE FUND; PLASTERS' AND CEMENT MASONS' LOCAL NO. 148 PENSION FUND; and L. THOMAS GAY and TONY L. WESTLY, as trustees of the aforesaid funds, , | CIVIL ACTION NO. 2:06-CV-00176-RWS |
| Plaintiffs, | |
| v. | |
| CLINECRETE, INC., | |
| Defendant. | |

## ORDER

This case is before the Court for consideration of Plaintiffs' Motion for Summary Judgment [18] filed June 10, 2008. Prior to Plaintiffs' filing the Motion for Summary Judgment, counsel for Defendant filed a Motion to Withdraw as Counsel [17]. On August 1, 2008, the Court entered an Order [23] granting defense counsel's Motion to Withdraw and ordering Defendant to obtain counsel within ten (10) days of entry of the Order. Defendant was reminded of the pending Motion for Summary Judgment and of its obligation to

file a response to same. No counsel has entered an appearance on behalf of Defendant, and no response has been filed to the Motion for Summary Judgment.

## Factual Background

Defendant is an employer within the meaning of ERISA ¶3(5), 29 U.S.C. § 1002(5) and Section 2(2) of the National Labor Relations Act of 1935, as amended, 29 U.S.C. § 152(s). In January 2006, Defendant signed a Collective Bargaining Agreement ("CBA"), entitled Cement Masons' Agreement between the Atlanta Contractors' Labor Committee of the Georgia Branch Associate General Contractors of America, Inc. and Operative Plasterers' and Cement Masons' International Association Local No. 148. The CBA incorporated, in Article XI(B)(1) and (2), Defendant's commitment to contribute to the Health and Welfare Fund and the Pension Fund in accordance with the Trust Agreements for each fund.

The Agreement and Declaration of Trust of the Plasterers' and Cement Masons' Local No. 148 Health and Welfare Fund (the "Health and Welfare Fund") Agreement is the governing document for the administration of the Health and Welfare Fund. Among other provisions, the Health and Welfare

2

Fund Agreement set forth the powers of the Trustees, including the powers to establish a system for the uniform collection of contributions and to take steps at law or otherwise to enforce payment of delinquent contributions plus interest and costs of any such action.

The Declaration of Trust of the Plasterers' and Cement Masons' Local No. 148 (the "Pension Fund Agreement"), is the governing document for the administration of the Pension Fund. Among other provisions, the Pension Fund Agreement sets forth the powers of the Trustees, including the process to establish a system for the Uniform collection and contribution, and to take steps at law or otherwise to enforce payment of delinquent contributions plus interest and the costs of such action.

Defendant is required to submit reports on the 15th of each month showing contributions due and owing the Health and Welfare Fund and The Pension Fund for work performed during the previous month by Defendant's employees. Defendant has not provided such reports on or after February 2006. Further, Defendant is required to remit to Plaintiffs all contributions due and owing the Health and Welfare Fund and the Pension Fund for any given month by the 15th day of the following month. Defendant has failed to make such payments on or after February 2006.

3

## Discussion

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the non-movant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

Defendant signed the CBA on January, 2006 and is thus subject to the terms of the Agreement for the time period at issue in this case. Pursuant to the CBA, Defendant is obligated to make reports to Plaintiffs and make contributions to the funds as set forth in Article XI of the CBA. Because

4

Defendant has not provided monthly reports as required by the CBA and Fund Trust Agreements, Plaintiffs are unable to calculate a precise amount of damages. Plaintiffs request that Defendant be ordered to submit the required reports so that the payments Defendant is obligated to make can be calculated.

The Court finds that Defendant has breached the terms of the CBA. Accordingly, Plaintiffs' Motion for Summary Judgment [18] is hereby **GRANTED**. Defendant is **ORDERED** to submit to Plaintiffs Employer Reports for all months on and after February 2006 within ten (10) days of the entry of this Order. Thereafter, Plaintiffs shall submit to the Court a statement showing the calculation of all sums due, including contributions, late fees, penalties, and other damages. Defendant may file objections to the Plaintiffs' statement within five (5) days of the filing of the statement.

**SO ORDERED**, this  8th  day of September, 2008.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

5